CLERKS OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED AT ALBUQUERQUE NM

FEB 1 9 1999

ROBERT M. MARCH
CLERK

FLOYD ZAMORA,

    Plaintiff,

v.

No. CIV-97-1327 MV/WWD

GENE SALAZAR, individually and
in his official capacity as a corrections
officer of the Santa Fe County Detention Center,
VIRGINIA ENSEY, individually and
in her official capacity as a corrections
officer of the Santa Fe County Detention Center,
CORRECTIONS CORPORATION OF AMERICA,
COUNTY OF SANTA FE,
THE BOARD OF COUNTY COMMISSIONERS OF
THE COUNTY OF SANTA FE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' motions to dismiss (Doc. #15 and 19) filed August 11 and September 11, 1998. Plaintiff's complaint asserts claims under the Constitution and laws of the United States and of New Mexico, based on events which allegedly occurred on September 28 and 29, 1994. Plaintiff filed his complaint on October 14, 1997. Defendants argue that Plaintiff's claims are barred by the applicable statutes of limitations; Plaintiff has not responded. The motions will be granted on the merits.

First, Plaintiff's claims under 42 U.S.C. § 1983 "are subject to New Mexico's three-year statute of limitations for personal injury actions." *Whitney v. New Mexico Guarantee Student Loan Agency*, 105 F.3d 670 (Table, text in Westlaw at RICO Bus. Disp. Guide 9188) (10th Cir. 1997).



The limitation period is the same whether the underlying tort is negligent or intentional, *Medina v. Pacheco*, 161 F.3d 18 (Table, text in Westlaw), 1998 WL 647784, at **5 (10th Cir. 1998), and "[t]he statute of limitations begins to run when the first injury, however slight, occurs, even though that injury may later become great or different." *Free v. Granger*, 887 F.2d 1552, 1555-56 (11th Cir.1989), *quoted in Martinez v. King*, 991 F.2d 805 (Table, text in Westlaw), 1993 WL 118846, at **2 (10th Cir. 1993). As indicated above, more than three years passed between the alleged attack and the filing of Plaintiff's complaint, and his § 1983 claims, therefore, are barred.

Plaintiff also asserts claims under New Mexico's Tort Claims Act. N.M. Stat. Ann. § 41-4-1 (Michie Repl. Pamp. 1996). The Act contains a two-year period of limitation for actions brought thereunder, § 41-4-15, and thus Plaintiff's state law claims were barred more than a year before he filed his complaint. The complaint will be dismissed.

IT IS THEREFORE ORDERED that Defendants' motions to dismiss (Doc. #15 and 19) filed August 11 and September 11, 1998, are GRANTED, and Plaintiff's complaint is DISMISSED; all other pending motions are DENIED as moot; and a final order of dismissal shall be entered in accordance with this opinion.

_____
UNITED STATES DISTRICT JUDGE